IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCRANTON HOSPITAL COMPANY, LLC, d/b/a COMMONWEALTH HEALTH EMERGENCY AND OUTPATIENT SERVICES TUNKHANNOCK<br><br>*Plaintiff*,<br><br>v.<br><br>SEIU HEALTHCARE PENNSYLVANIA, CTW, CLC,<br><br>*Defendant*. | CIVIL DIVISION<br><br>Docket No. |

**COMPLAINT TO COMPEL ARBITRATION**

Plaintiff, Scranton Hospital Company, LLC d/b/a Commonwealth Health Emergency and Outpatient Services Tunkhannock, by and through its undersigned attorneys, files the herein Complaint to compel arbitration in accordance with the collective bargaining agreement by and between the parties. In support thereof, Plaintiff avers as follows:

**INTRODUCTION**

1.  This is an action involving a breach of contract pursuant to Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947, as amended, 29 U.S.C. §185 (a). This action seeks to compel the Defendant to proceed to and

participate in arbitration for grievances filed by the Plaintiff and processed as set forth by the parties' collective bargaining agreement, concerning which the Defendant is presently refusing to proceed to arbitration. The grievances filed by the Plaintiff seek remedies for the Defendant's violations of the "Union Activity and Visitation" provisions set forth in the parties' collective bargaining agreement.

## PARTIES

2.   Plaintiff, Scranton Hospital Company, LLC (hereinafter, the "Company"), is a Delaware limited liability company. In relevant part, it operates and does business as Commonwealth Health Emergency and Outpatient Services Tunkhannock at 5950 State Route 6, Tunkhannock, Pennsylvania. The Company is the legal successor to Tunkhannock Hospital Company, LLC formerly d/b/a Tyler Memorial Hospital (hereinafter "Tyler Memorial Hospital"), which ceased operation of the facility located at 5950 State Route 6, Tunkhannock, Pennsylvania 18657, and merged into the Company, effective October 1, 2022. The Company is an "employer" in an industry "affecting commerce" within the meaning of 29 U.S.C. §152 and 29 U.S.C. §185 (a).

3.   Defendant, SEIU Healthcare Pennsylvania, CTW, CLC (hereinafter, the "Union"), is the recognized exclusive bargaining representative of a bargaining unit of employees now employed by the Company. The Union is a "labor

organization" in an industry "affecting commerce" with the meaning of 29 U.S.C. §152 and 29 U.S.C. §185 (a).

## JURISDICTION

4. This Court has federal question jurisdiction over the subject matter of this action and over the parties to this action pursuant to 28 U.S.C. § 1331 because the action arises under Section 301(a) of the LMRA, 29 U.S.C. §185 (a).

## VENUE

5. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391 and 29 U.S.C. §185 because the Plaintiff's principal place of business is located in this district, the Defendant's principal place of business is located in this district, and the events giving rise to this claim occurred in this district.

## FACTUAL ALLEGATIONS AND CLAIM

### COUNT 1 – Breach of Contract – 29 U.S.C. §185 (a)

6. The Union and Tyler Memorial Hospital entered into a collective bargaining agreement (hereinafter, the "CBA") governing terms and conditions of employment for bargaining unit of employees employed, at the time, by Tyler Memorial Hospital. A true and correct copy of the CBA is incorporated by reference and attached hereto as Exhibit A.

7. The CBA is a "contract" between an employer and a labor organization within the meaning of Section 301(a) of the LMRA, 29 U.S.C. §185 (a).

8. The CBA expired by its own terms on February 28, 2021.

9. After the CBA expired, and while in the process of negotiating a successor agreement, Tyler Memorial Hospital and the Union continued to operate under the terms and conditions set forth in the CBA, as is required by the National Labor Relations Act, 29 U.S.C. §§151 et seq.; *NLRB v. Katz*, 369 U.S. 736 (1962). Thus, consistent with *Luden's, Inc. v. Local Union No. 6 of the Bakery Confectionary & Tobacco Workers Int'l. Union of America,* 28 F.3d 347 (3rd Cir. 1994), the parties created an implied-in-fact contract.

10. Amongst other provisions, the CBA places limits upon the Union's right to conduct business meetings and distribute Union literature at the facility located at 5950 State Route 6, and obligates the Union to provide notice to, and obtain approval from, the employer before conducting business meetings at 5950 State Route 6.  Exhibit A, Article 30, Sections 2, 6, 9, pp. 53-56.

11. The CBA also sets forth a detailed dispute resolution procedure. Exhibit A, Article 24, at pp. 45-50.

12. Under the terms of the CBA, the Union is contractually obligated to process grievances when the employer exercises its right to submit unresolved grievances for resolution.

13. Specifically, the contractual dispute resolution mechanism contained in the CBA provides specifically for binding arbitration as the final step for the resolution of disputes. Exhibit A, Article 24, Sections 5, 12, pp. 46-48, 49.

14. On June 10, 2021, Tyler Memorial Hospital filed two grievances alleging the Union's violation of the "Union Activity and Visitation" provisions contained in Article 30 of the CBA. True and correct copies of the grievances are incorporated by reference and attached hereto as Exhibit B.

15. On June 23, 2021, Tyler Memorial Hospital filed four additional grievances alleging the Union's violation of the "Union Activity and Visitation" provisions contained in Article 30 of the CBA. True and correct copies of the grievances are incorporated by reference and attached hereto as Exhibit C.

16. On July 2, 2021 and July 14, 2021, in light of the parties' inability to resolve the grievances, Tyler Memorial Hospital filed demands for arbitration of the six grievances that were filed on June 10, 2021 and June 23, 2021, respectively. True and correct copies of the demands for arbitration are incorporated by reference and attached hereto as Exhibit D.

17. In each event, Tyler Memorial Hospital demanded arbitration prior to any repudiation by the Union of the arbitration provision in the CBA.

18. On July 27, 2021, during a telephone conference, legal counsel for the Union, Steven Grubbs, advised legal counsel to Tyler Memorial Hospital, Kaitlin

Kaseta Lammers, that the Union would not arbitrate the six grievances filed by Tyler Memorial Hospital.

19. By letter dated July 30, 2021, Tyler Memorial Hospital sent a letter to the Union, insisting that the Union honor its obligation to arbitrate the grievances filed by Tyler Memorial Hospital. A true and correct copy of the letter is incorporated by reference and attached hereto as Exhibit E.

20. By letter dated August 6, 2021, the Union responded to Tyler Memorial Hospital, and advised that the Union would not arbitrate the grievances filed by Tyler Memorial Hospital. A true and correct copy of the letter is incorporated by reference and attached hereto as Exhibit F.

21. Effective October 1, 2021, Tyler Memorial Hospital ceased operation of the facility located at 5950 State Route 6, Tunkhannock, Pennsylvania, and was merged with the Company. A true and correct copy of the certificate of merger of Tyler Memorial Hospital with the Company is incorporated by reference and attached hereto as Exhibit G.

22. Effective October 1, 2021, the Company assumed operation of the facility located at 5950 State Route 6, Tunkhannock, Pennsylvania.

23. On August 30, 2021, the Company, as the legal successor to Tyler Memorial Hospital, offered by letter to recognize the Union as the collective bargaining representative of the employees now employed by the Company at its

facility located at 5950 State Route 6, and agreed to negotiate a collective bargaining agreement with the Union. A true and correct copy of the letter is incorporated by reference and attached hereto as Exhibit H.

24. On September 1, 2021, the Union accepted the Company's offer of recognition by letter. A true and correct copy of the letter is incorporated by reference and attached hereto as Exhibit I.

26. On October 11, 2021 and December 3, 2021, by letters to the American Arbitration Association, the Union again affirmed its position that it refused to arbitrate the grievances filed by Tyler Memorial Hospital with the Company, and requested that the American Arbitration Association suspend processing of the grievances. True and correct copies of the letters are incorporated by reference and attached hereto as Exhibit J.

27. By virtue of the parties' conduct and the governing law of this Circuit, an implied-in-fact contract has existed which requires the parties to abide by the provisions of the agreement, including the grievance and arbitration provisions.

28. The Union has improperly and unlawfully refused to proceed to arbitration on the six grievances filed by Tyler Memorial Hospital and maintained by the Company.

29. The failure of the Union to comply with the grievance and arbitration provisions of the CBA is contrary to well-established policy that encourages the use of the grievance procedure to resolve all labor-management disputes.

30. Unless this Court issues an Order requiring the Union to proceed to arbitration, the grievance procedure will not be able to provide an adequate remedy, and will be rendered meaningless.

31. In the absence of an Order issued by the Court requiring the Union to proceed to arbitration, the Company will be irreparably harmed by the loss of the benefits of the bargain, which permits the Company certain protections on its private property in order to maintain the highest quality of uninterrupted patient care, and the right to arbitrate contractual disputes with the Union.

32. The public interest will be advanced by issuing an Order requiring the Union to proceed to arbitration because it will encourage industrial peace, ensure that the grievance and arbitration process is not frustrated, and will guarantee that any resulting resolution of this issue is not a hollow formality.

**WHEREFORE,** the Plaintiff respectfully requests that the Court enter a judgment and order against Defendant and grant the following relief:

    a. An Order requiring Defendant to arbitrate the grievances filed by Tyler Memorial Hospital and maintained by the Plaintiff;

    b.    An award of Plaintiff's reasonable attorneys' fees and costs incurred to bring this action;

    c.    An award of sanctions for the Union's willful and/or bad faith refusal to abide by the parties' contractual agreement; AND

    d.    Any and all such further relief as the Court deems just and proper.

Respectfully Submitted,

**CARMODY & KASETA PLLC**

BY:   */s/ Bryan T. Carmody*
        Bryan T. Carmody, Esquire
        Telephone: (203) 249-9287
        bcarmody@carmodykaseta.com

**BURNS WHITE LLC**

BY:   */s/ Stuart O'Neal*
        Stuart O'Neal, Esquire
        Mark Sottile, Esquire
        Telephone: (484) 567-5700
        soneal@burnswhite.com
        msotille@burnswhite.com

*Attorneys for Plaintiff*
*Scranton Hospital Company LLC*
*d/b/a Commonwealth Health*
*Emergency and Outpatient Services*
*Tunkhannock*

Dated:   <u>February 4, 2022</u>